IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01368-BNB

WISSAM HAMMOUD,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 1 9 2010

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Wissam Hammoud, a federal prisoner who is currently incarcerated at the Springfield Medical Center in Springfield, Missouri, filed a *pro se* "Motion for Reconsideration," on August 16, 2010. The Court must construe the Motion liberally because Mr. Hammoud is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Motion to Reconsider will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hammoud filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the Motion to Reconsider and the entire file, the Court concludes that Mr. Hammoud fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Hammoud initiated this action by submitting a letter to the Court on June 4, 2010. In an order filed on June 14, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Hammoud to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Hammoud was directed to submit a Prisoner Complaint on the Court-approved form. Mr. Hammoud was also directed to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the Court-approved form and a certified copy of his prisoner's trust fund statement for the 6-month period immediately preceding the filing. He was informed that the § 1915 motion and affidavit was only necessary if the $350.00 filing fee was not paid in advance. The June 14 order warned Mr. Hammoud that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice.

On June 16, 2010, Mr. Hammoud filed several documents with the Court, including a BOP "Program Statement" form and a "complaint letter." However, Mr. Hammoud failed to file, within the time provided, a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Accordingly, on July 23, 2010, the Court entered an order dismissing Mr. Hammoud's complaint without prejudice for failure to cure the deficiencies noted in the June 14 Order.

On July 29, 2010, Mr. Hammoud filed a letter with the Court, indicating that he had recently been transferred to a new facility, and requesting information regarding the status of his case. By Minute Order dated August 4, 2010, Magistrate Judge Boland directed the Clerk of the Court to remail to Mr. Hammoud a copy of the July 23 Order of Dismissal and Judgment. Mr. Hammoud then filed the Motion to Reconsider on August 16, 2010.

In the Motion to Reconsider, Mr. Hammoud asserts that prison officials transferred him to the Federal Medical Center in Missouri in retaliation for filing the instant lawsuit. He argues that he has not had access to his legal materials since the transfer. Finally, Mr. Hammoud argues that the dismissal of his lawsuit should not "count as a 'strike' against him," because it was due to a transfer outside of his control.

First, Mr. Hammoud is informed that the dismissal of this action did not count as a "strike" against him pursuant to 28 U.S.C. § 1915(g). A "strike" under § 1915(g) occurs when the Court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous, malicious or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). In this case, Mr. Hammoud's action was dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for his failure to comply with the Court's Order to Cure the Deficiencies. Mr. Hammoud did not receive a "strike" under § 1915(g) in conjunction with the dismissal of this action.

Second, with respect to Mr. Hammoud's argument that his transfer to another facility prevented him from curing the deficiencies in this action, the Court notes that Mr. Hammoud has not provided any documentation to the Court that would support these allegations. As such, the Court cannot determine the time frame during which Mr.

3

Hammoud was allegedly deprived of his legal materials. Neither can the Court determine whether Mr. Hammoud was deprived of all access to writing materials and the mail system, or whether he was merely deprived of specific legal documents that he believed he needed in order to pursue this case. Further, no mail has been returned to the Court as undeliverable, indicating that Mr. Hammoud received the Court's Order to Cure Deficiencies prior to his transfer. Therefore, even if Mr. Hammoud did not have access to any specific legal materials, he has not alleged that he was prevented from mailing a letter to the Court, stating his circumstances and requesting additional time to cure the deficiencies. It was Mr. Hammoud's responsibility to cure the deficiencies set forth in the June 14 Order within thirty days, or request additional time from the Court in order to so. Mr. Hammoud simply failed to meet this obligation.

Upon consideration of the Motion to Reconsider, the Court finds that Mr. Hammoud has not asserted any of the major grounds that would justify reconsideration in his case. **See Servants of the Paraclete**, 204 F.3d at 1012. Therefore, the Motion to Reconsider will be denied.

Mr. Hammoud is reminded that the instant action was dismissed without prejudice, and he may, if he desires, seek to file a new action. Accordingly, it is

ORDERED that the "Motion for Reconsideration," filed on August 16, 2010, is DENIED.

DATED at Denver, Colorado, this __18th__ day of __August__, 2010.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01368-ZLW

Wissam Hammoud
Reg No. 39876-018
Medical Center for Federal Prisoners
P.O. Box 4000
Springfield, MO 65801

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/18/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk